IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES JUNIOR LASTER,
Appellant,

v. Civil Action No. 3:25CV950 (RCY)

N/A,
Appellee.

**MEMORANDUM OPINION**

*Pro se* Appellant James Junior Laster appeals an Order of the United States Bankruptcy Court for the Eastern District of Virginia. Appellant takes issue with the Bankruptcy Court's denial of his Motion to Vacate the Dismissal (of the underlying bankruptcy proceeding) and to Reinstate the Case. For the reasons that follow, the Court DENIES Appellant's pending Motion for Extension of Time to File Opening Brief (ECF No. 4) and Motion to Consolidate Related Appeals (ECF No. 5), REVERSES the decision of the Bankruptcy Court, and REMANDS the matter for further proceedings.

## I. BACKGROUND

The underlying bankruptcy, Case No. 25-31340-BFK, was initiated on April 5, 2025, as a Chapter 7 Voluntary Petition filed by counsel on behalf of Appellant. Bankr. Dkt. 1. Counsel for Appellant filed a Consent Motion to Withdraw on May 19, 2025, which was granted, and Appellant proceeded *pro se* thereafter. Bankr. Dkt. Nos. 25, 33, 36. On August 27, 2025, Bankruptcy Judge Brian F. Kenney conducted a hearing, at which time he dismissed the case based on Appellant's failure to attend the necessary meeting of creditors, as required by 11 U.S.C. § 341(a). Bankr. Dkt. No. 100. Judge Kenney memorialized this dismissal in a subsequent Order, issued on September 3, 2025. Bankr. Dkt. No. 106. Therein, Appellant was advised that he had fourteen (14) days from

the date of entry of that Order to appeal. *Id.* Appellant did not appeal. Instead, on October 22, 2025, Appellant filed a Motion to Vacate Dismissal and Reinstate Chapter 7 Case ("Motion to Vacate") pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. Bankr. Dkt. No. 125. The Bankruptcy Court denied the Motion to Vacate on October 28, 2025. Bankr. Dkt. No. 127.

Appellant timely appealed that denial, filing a Notice of Appeal on November 10, 2025, in which he raises seven grounds for error. Not. Appeal 3–4, ECF No. 1-1.

## II. LEGAL STANDARD

Federal district courts are empowered to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). When considering an appeal from the bankruptcy court, the district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)). Mixed questions of law and fact are also reviewed *de novo*. *Id.* (citing *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007)). According to the Supreme Court, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal brackets and quotation marks omitted).

## III. ANALYSIS

The Court first addresses Appellant's pending Motions. In his Motion for Extension of Time to File Opening Brief, ECF No. 4, Appellant claims that this case involves "extraordinary complexity," including "2,000+ pages of bankruptcy court dockets," "19+ parties across three cases," "16 Tiers" of "Legal Complexity," and 47 documented frauds. Mot. Ext'n 2–5. The Court

is not persuaded. The only issue before the Court is whether the Bankruptcy Court erred in denying Appellant's Motion to Vacate—a straightforward question of law. Appellant's offerings are inapposite to that narrow issue on appeal. Accordingly, the Court finds no grounds for an extension to compile unnecessary documentation and argument, and so will deny Appellant's Motion for Extension to File Opening Brief.

The Court will also deny Appellant's Motion to Consolidate, because although this appeal and Appellant's other pending appeal, Case No. 3:25-CV-883-RCY, arise from the same original Bankruptcy Case, No. 25-31340-BFK, the appeals themselves do not involve overlapping questions of law or fact, and thus consolidation would not benefit the Court.

Turning next to the meat of the present appeal, based purely on the Notice of Appeal[1] and the Bankruptcy Record that has been transmitted, the Court finds that it must reverse the decision of the Bankruptcy Court and remand for application of the proper legal standard.

As previously noted, Appellant challenges the Bankruptcy Court's denial of his Motion to Vacate. And as also previously noted, this Motion was filed pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. *See* Mot. Vacate at 1, Bankr. Dkt. No. 125. In its Order denying the Motion to Vacate, however, the Bankruptcy Court articulated the following as the controlling legal standard:

---

[1] Appellant, apparently relying on the filing of his Motion for Extension as sufficient to toll his obligation to file an opening brief, has not done so, and the deadline to do so has passed. Despite the fact that the simple filing of a motion for extension does not in and of itself relieve a party of its briefing obligations until the motion is adjudicated, *see* Fed. R. Bankr. P. 8018(a)(1) ("Unless the district court . . . by order in a particular case excuses the filing of briefs or sets a different time, . . . [t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically."), out of deference to Appellant's *pro se* status, the Court does not penalize Appellant for his assumption by dismissing the appeal on the basis of this procedural failing, *see* Fed. R. Bankr. P. 8018(a)(4) ("Consequence of Failure to File. If an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court . . . may—on its own after notice or on the appellee's motion—dismiss the appeal."). But neither will the Court now order additional or belated briefing (particularly when the Appellee named in the appeal is "N/A," i.e., no party, and so the Court would have to resolve the issues purely based on Appellant's papers, regardless). Instead, the Court finds that the Notice of Appeal clearly articulates the grounds upon which Plaintiff would have this Court reverse the Bankruptcy Court. Accordingly, the Court adjudicates this appeal on the arguments raised in the Notice and the transmitted record.

> Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59(e), courts in the Fourth Circuit have recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Braunstein v. Pickens*, 406 F. App'x 791, 798 (4th Cir. 2011) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *In re Mitrano*, 409 B.R. 812, 820 (E.D. Va. 2009) (quoting *Pac. Ins. Co.*, 148 F.3d at 403).

Order Denying Mot. Vacate at 1, Bankr. Dkt. No. 127.

In the present appeal, Appellant generally asks the Court to find that the Bankruptcy Court erred in its application of the Rule 59(e) standard to his Motion. Not. Appeal 3–4, 6–12. The Court finds that Appellant is correct, that the Bankruptcy Court erred as a matter of law in applying the Bankruptcy Rule of Procedure 9023/Federal Rule of Civil Procedure 59(e) standard to his Motion to Vacate, which was in fact filed pursuant to Bankruptcy Rule of Procedure 9024 (incorporating Federal Rule of Civil Procedure 60).[2] Accordingly, the Court must reverse the decision of the Bankruptcy Court and remand so that the Bankruptcy Court may have the opportunity to apply the correct legal standard to Appellant's Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court will reverse the decision of the Bankruptcy Court and remand for further proceedings consistent with this Memorandum Opinion.

An appropriate Order will follow.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 23, 2026
Richmond, Virginia

[2] The Court further observes that, had Appellant's Motion in fact been filed pursuant to Bankruptcy Rule 9023, it would have been untimely, as that Rule requires such motions to be filed within fourteen days of the entry of the order for which amendment is sought—the same amount of time as the window for appeal. *Compare* Fed. R. Bankr. P. 9023(c), *with* Fed. R. Bankr. P. 8002(a)(1).